**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

PATRICK MAYS, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

PEOPLES BANK,

        Defendant.

Case No.: 2:22-cv-00418
(Removed from Nicholas County Circuit Court, Case No. CC-34-2022-51)

**NOTICE OF REMOVAL**

Defendant, Peoples Bank, an Ohio corporation with its principal place of business located in Marietta, Ohio (hereinafter "Peoples Bank"), by and through its undersigned counsel, hereby files this Notice of Removal to remove the instant civil action to this Court.

In support thereof, Peoples Bank respectfully states as follows:

### I.  BACKGROUND

1. The above-named Plaintiff, Patrick Mays ("Mr. Mays" or "Plaintiff"), ostensibly acting on behalf of himself and all others similarly situated, filed a putative class action complaint against Peoples Bank in the Nicholas County Circuit Court, Case No. CC-34-2022-C-51 (hereinafter, the "Complaint").

2. The Complaint asserts a single cause of action for breach of contract, including the alleged breach of the covenant of good faith and fair dealing implied in all contracts. (Compl. ¶¶ 73–81.)

3. The Complaint alleges Peoples Bank "bilked" "millions of dollars" from its customers, and proposes a class of plaintiffs consisting of "all United States citizens who, during the

|   |   |
|---|---|
|   | applicable statute of limitations, were charged [overdraft] Fees on transactions that were authorized into a positive available balance." (Compl. ¶¶ 2, 60.) |
| 4. | In the next paragraph, the Complaint "specifically exclude[s] . . . any individuals who were not West Virginia citizens at the time [the] action was commenced." (Compl. ¶ 61.) |
| 5. | Although the Complaint is devoid of any specific facts related to any specific overdraft charge, (*see* compl. ¶ 59), it generally alleges that Peoples Bank has improperly charged overdraft fees despite the accounts having sufficient funds to cover those transactions. (*See generally* Compl.) |
| 6. | On August 31, 2022, Mr. Mays served a copy of the Complaint on Peoples Bank via service upon the West Virginia Secretary of State, who in turn provided a Copy of the Summons and Complaint to Peoples Bank's registered agent, C. T. Corporation System, and Peoples Bank received a copy of the Complaint and Summons on or about September 6, 2022. |

## II.     PROCEDURAL PROVISIONS OF THE REMOVAL STATUTE

| | |
|---|---|
| 7. | Pursuant to 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 3.4(b), Peoples Bank is attaching a copy of the state court docket to this Notice as Exhibit A. Peoples Bank has also attached copies of all pleadings, process and orders served on it as Exhibit B. |
| 8. | Pursuant to § 1446(b), this Notice is timely filed within thirty (30) days of Peoples Bank's receipt, through service or otherwise, of a copy of the Complaint. |
| 9. | No further proceedings have occurred regarding the Complaint. Peoples Bank has not filed an answer or any responsive pleading to the Summons and Complaint, and has not made any appearance, argument or request for relief before the Nicholas County Circuit Court. |
| 10. | Pursuant to § 1446(d), Peoples Bank is filing contemporaneously herewith a Notice of Filing Notice of Removal with the Clerk of the Nicholas County Circuit Court, informing |

the state court and Mr. Mays that the state court lawsuit is being removed. A copy of the State Court Notice of Removal to Federal Court is attached hereto as Exhibit C.

11. Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. §§ 129(b), 1441(a) and 1446(a); L.R. Civ. P. 77.2.

### III.     THIS COURT HAS JURISDICTION PURSUANT TO CAFA

12. This action may be removed to this Court under § 1441 because, as explained fully below, this Court has original subject matter jurisdiction over this civil action pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d).

13. The CAFA requires that (1) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, (2) there would be more than 100 putative class members, and (3) any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d).

14. "A defendant invoking CAFA to remove a class action from state court must file a notice of removal in the proper district court 'containing ***a short and plain statement of the grounds for removal.***'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting § 1446(a) (emphasis added)); *Cox v. Air Methods Corp.*, CIVIL ACTION NO. 1:17-04610, 2018 U.S. Dist. LEXIS 89668, at *5 (S.D.W. Va. May 30, 2018) (same).

15. Furthermore, "[b]ecause no antiremoval presumption attends cases invoking CAFA . . . a defendant's notice of removal need include only a plausible allegation that [the case meets the CAFA criteria for removal.]" *Scott*, 865 F.3d at 194 (quoting *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014) (first alteration in original)).

16. "The Supreme Court was clear in *Dart Cherokee*: the liberal rules of pleading apply to removal allegations." *Id.* at 195 (citing *Dart Cherokee*, 574 U.S. at 87); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (reversing a district court's remand order and holding that "a removing party's notice of removal [need not] meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint"); *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 659, 664 n.6 (S.D.W. Va. 2016) (noting that the court must apply the *Dart Cherokee* analysis when reviewing *all* of the CAFA requirements articulated in a Notice of Removal).

17. This action satisfies all of CAFA's criteria for federal jurisdiction, and this Court has original subject matter jurisdiction.

        **A.**    **This Case Satisfies CAFA's Putative Class Requirement**

18. CAFA defines the term "class action" as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

19. Mr. Mays filed this case as a West Virginia state court class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, which is similar to Rule 23 of the Federal Rules of Civil Procedure. *Compare* Fed. R. Civ. P. 23, *with* W. Va. R. Civ. P. 23; *see also Powell v. Huntington Nat'l Bank*, CIVIL ACTION NO. 2:13-cv-32179, 2014 U.S. Dist. LEXIS 136063, at *18 (S.D.W. Va. Sept. 26, 2014) (finding CAFA jurisdiction when the "Complaint states that it brings [the] putative class action pursuant to West Virginia Rule of Civil Procedure 23, the state counterpart of Federal Rule of Civil Procedure 23").

20. Consequently, this case falls within CAFA's definition of a "class action."

21. Peoples Bank has cursorily reviewed its records for the last 10 years, the applicable statute of limitations for a claim for breach of written contract in West Virginia. *See* W. Va. Code § 55-2-6.

22. While the Complaint does not identify a precise number of putative class members, it alleges the class is so "numerous" that joinder of all members "is impracticable." (Compl. ¶ 64 ("[T]he Class consists of thousands of members or more . . . .").)

23. Based on Peoples Bank's review of its records and the allegations contained in the Complaint, this action meets the first requirement of § 1332(d) because it is a putative class action and the class consists of 100 or more members.

24. More specifically, based on Peoples Bank's review of its records, over the last 10 years, thousands of its West Virginia customers have paid one or more overdraft charges, and Peoples Bank believes that well over 100 West Virginia residents would fall within the definition of the class set forth in the Complaint.[1]

### B. This Case Satisfies CAFA's Minimal Diversity Requirement

25. CAFA's minimal diversity of citizenship requirement is set forth in § 1332(d)(2) and provides that a federal court shall have jurisdiction if any member of a putative class is a citizen of a State different from any defendant.

26. The Complaint alleges Mr. Mays is a resident of Richwood, Nicholas County, West Virginia. (Compl. ¶ 4.)

---

[1] Notwithstanding the representations herein concerning the number of putative class members, Peoples Bank preserves all substantive defenses including, but not limited to, the defense that Peoples Bank did not breach its contract with the Plaintiff. Furthermore, Peoples Bank does not concede that the instant action is appropriate for a class action or that a class should be certified. Indeed, due to the highly individualized inquiry necessary to determine whether certain of its customers could be members of the putative class as defined in the Complaint, Peoples believes that this case would not be appropriate for class certification.

27. Section 1332(c)(1) specifies the rules governing the citizenship of corporations. It provides: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

28. To determine where a corporation has its principal place of business, the United States Court of Appeals for the Fourth Circuit has adopted the "nerve center test" and the "place of operations test." *Athena Auto Inc. v. Digregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

29. "[W]hen a corporation engages primarily in the ownership and management of geographically diverse investment assets, [the court applies] the 'nerve center test.'" *Id.* The nerve center test "establishes the corporation's principal place of business as that place where the corporation 'makes the home office,' or place where the corporation's officers direct, control, and coordinate its activities." *Id.* "But when the corporation has 'multiple centers of manufacturing, purchasing, or sales,' [the court applies] the 'place of operations test,' focusing on 'the place where the bulk of corporate activity takes place.'" *Id.*

30. Peoples Bank is an Ohio Corporation with its headquarters, main office, and principal place of business located in Marietta, Ohio. Thus, Peoples Bank is a citizen of Ohio.

31. Accordingly, minimal diversity exists because Mr. Mays and the only Defendant are diverse.

### C. This Case Satisfies CAFA's Amount-In-Controversy Requirement

32. CAFA provides the claims of putative class members "shall be aggregated" to determine whether the jurisdictional minimum of $5,000,000 is met. 28 U.S.C. § 1332(d)(2), (6); *see also Moffitt v. Residential Funding Co.*, 604 F.3d 156, 158 (4th Cir. 2010).

33. "The key inquiry in determining whether the amount-in-controversy requirement is satisfied for removal procedures in CAFA cases is not what the plaintiff will actually recover, but rather an estimate of the amount that will be at issue in the course of the litigation." *Atkins v. AT&T Mobility Servs., LLC*, No. 2:18-cv-00599, 2019 U.S. Dist. LEXIS 178208, at *11 (S.D.W. Va. Oct. 15, 2019) (*citing Scott*, 865 F.3d at 196). "A removing defendant may use reasonable estimates, inferences, and deductions to establish the amount in controversy, as long as the evidence shows it is more likely than not (i.e., a preponderance of the evidence) that a fact finder might legally conclude that damages will exceed the jurisdictional amount." *Id.*

34. As set forth in the Complaint, the Plaintiff has alleged damages in the amount of "millions of dollars." (Compl. ¶¶ 2, 20.)

35. As noted above, Peoples Bank has cursorily reviewed its overdraft records during the time period governed by the applicable 10-year statute of limitations for breach of contract claims in West Virginia in an effort to reasonably and plausibly determine the amount in controversy for purposes of removal.

36. Over the last 10 years, Peoples Bank estimates that its customers in West Virginia have paid overdraft charges connected to transactions that could have potentially been authorized into a positive available balance and settled at a negative balance to be at least $13,268,760. Based on its review of its overdraft records for certain specific time periods, and then extrapolating over the last 10 years, Peoples Bank estimates that the amount in controversy for the 10-year period and based on the class definition, is well over $5,000,000 in the aggregate.

37. More specifically, over the last 10 years, Peoples Bank estimates that its West Virginia customers have paid over $16,775,665 in overdraft charges. Of those estimated $16,775,665 in overdraft charges, approximately 79% were based on transactions that could have been authorized into a positive available balance and settled at a negative balance for an approximate total of $13,268,760. As such, even if only 38% of these charges are for authorized positive/settle negative (as opposed to authorized negative/settle negative) transactions, the amount of overdraft charges that fall within the definition of the proposed class exceeds $5,000,000. Accordingly, Peoples Bank's best estimate at this time is that over $5,000,000 is in controversy and at issue in this putative class action.

## IV.   RETENTION OF RIGHTS

38. Peoples Bank submits this Notice of Removal without waiving any defenses, claims, objections, procedural rights, exceptions or obligations that may exist in its favor in either West Virginia state court or federal court.

39. Furthermore, in making any of the allegations in this Notice of Removal or any of its exhibits, Peoples Bank does not concede that the allegations in the Complaint are accurate, that Mr. Mays has asserted claims upon which relief can be granted, that his claims are timely, or that recovery of any of the amounts sought is authorized or appropriate.

40. Peoples Bank also does not concede that class certification is appropriate or that the class definition is proper, and Peoples Bank reserves the right to contest the putative class at the appropriate time.

WHEREFORE, Peoples Bank respectfully requests that this action be removed to this Court.

**PEOPLES BANK**

By Counsel,

>  */s/ Arie M. Spitz*
> Arie M. Spitz (WVSB #10867)
> Jordan "Jo" McMinn (WVSB #14084)
> Dinsmore & Shohl LLP
> 707 Virginia Street, East, Suite 1300
> Charleston, WV 25301
> Telephone: (304) 347-0900
> Facsimile: (304) 357-0919
> arie.spitz@dinsmore.com
> jordan.mcminn@dinsmore.com
> *Counsel for Defendant Peoples Bank*

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PATRICK MAYS, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

PEOPLES BANK,

        Defendant.

Case No.: 2:22-cv- ------
(Removed from Nicholas County Circuit Court, Case No. CC-34-2022-51)

**CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that the foregoing **Notice of Removal** was served upon the following on September 29, 2022:

Rodney A. Smith (WVSB # 9750)
ROD SMITH LAW PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301

Jeffrey D. Kaliel
KALIELGOLD PLLC
1 100 15th Street NW, 4th Floor
Washington, D.C. 20005

Andrew Shamis
SHAMIS & GENTILE, P.A.
14 NE 1st Ave Suite 705
Miami, FL 33132

                      */s/ Arie M. Spitz*
                      Arie M. Spitz (WVSB #10867)