UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**PATRICK MAYS, on behalf of himself
and all others similarly situated**

       Plaintiff,

v.                        Civil Action No.: 2-22-cv-00418

**PEOPLES BANK,**

       Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to stay discovery (ECF 26) filed December 2, 2022.

On October 11, 2022, the court entered an Order and Notice, which gave the parties until December 2, 2022, to serve their initial rule 26(a)(1) disclosures. ECF 6. On November 16, 2022, plaintiff served defendant with his first set of interrogatories and first set of requests to produce. ECF 19, 20. On November 17, 2022, plaintiff filed the parties' rule 26(f) report. ECF 21. The court on November 21, 2022, entered an order cancelling the scheduling conference set for November 23, 2022, and directing that the scheduling conference be continued pending resolution of plaintiff's motion to remand. ECF 24.

Pursuant to rule 26(c)(1), a district court is afforded the discretion to stay discovery pending the resolution of a dispositive motion. Courts may stay discovery after considering the following three factors: "(1) the interests of judicial economy, (2) the hardship and equity to the moving party if the action is not stayed, and (3) the potential prejudice to the non-moving party." Slone v. State Auto Prop. & Cas. Ins. Co., No. 2:19-cv-00408, 2019 WL 4733555 at *1 (S.D.W Va. September 26, 2019) (quoting White v. Ally Fin. Inc., 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013)).

In this instance, defendant requests that discovery be stayed pending resolution of its motion to dismiss (ECF 4) filed October 6, 2022. As to the first factor, the court finds judicial economy weighs in favor of granting the stay. This putative class action lawsuit likely involves complex factual and legal issues. Moreover, the motion to dismiss raises potentially dispositive legal issues, which may obviate the need for discovery. Thus, the court agrees with defendant that a discovery stay would promote judicial economy. As to the second factor, the court finds defendant would suffer hardship if the action was not stayed, yet, ultimately dismissed pursuant to its pending motion to dismiss. Defendant asserts in its briefing that responding to the discovery plaintiff has served would

cause it to "incur substantial litigation costs."  Because of the costs associated with responding to plaintiff's initial discovery requests, the court finds the second factor weighs in favor of granting the discovery stay.  Finally, the third factor also weighs in favor of granting the discovery stay.  The court notes it has already granted plaintiff three extensions to file responsive briefings.  See ECF 9, 13, and 18.  It is also early in the litigation process.  Of note, a scheduling order has not yet been entered.  Accordingly, the court finds the potential prejudice to plaintiff to be at best, minimal.

Having considered the applicable factors, the court ORDERS that defendant's motion to stay discovery pending resolution of its motion to dismiss be, and it hereby is, GRANTED.  It is further ORDERED that discovery in this action be, and it hereby is, stayed pending the further order of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 7, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge